## HODGDON *vs.* WALDRON & a.

A party who has entered into a written agreement to haul all the logs upon a certain lot, to another place, before a certain period, cannot be permitted to introduce evidence that the other party said, at the time of making the con-

tract, that if there should not be snow enough he must leave them on the land, for the purpose of showing that he has performed all he was bound to do ; as that would be to contradict and vary the written contract.

Where a party has undertaken to perform work and labor in transporting goods, if it appear that he has failed to fulfil his contract, and performed but part of the service, he cannot hold them against the owner on the ground of a lien for what he has done.

TRESPASS, for five hundred logs. Plea, the general issue.

It appeared in evidence that one Samuel C. Shapley, having a large number of logs on a tract of land in Farmington, made a written contract with the plaintiff, as follows :

" I hereby agree to haul, for S. C. Shapley, all the hemlock and spruce logs he has now fell on his lot, to the river, by or before April, 1835, at five shillings per M., provided he does not sell them on the lot—the said Shapley to cut the logs.

William Hodgdon."

It was proved that at the time the said contract was made, the plaintiff asked Shapley what he was to do in case there should not be snow enough in the winter to enable him to haul the logs ; to which Shapley replied, " why, then you must leave them upon the land." To this evidence there was an objection.

It appeared that there was very little snow in the winter after the contract was made, and that the plaintiff was able to haul only part, leaving a large number of logs on the lot.

After the 1st April, 1835, Shapley demanded the logs of the plaintiff, who refused to deliver them until paid for the hauling. Shapley refused to pay, and the defendants, by orders from Shapley, took and carried away the logs.

The court directed a verdict for the plaintiff, for the price of hauling the logs, and interest, subject to the opinion of this court upon the above case ; and it was agreed that in case the court should be of opinion that the verdict could not be sustained, it should be set aside, and a verdict entered for the defendants.

*N.Eastman* and *Christie*, for the plaintiff, to show that the

parol evidence was admissible, cited 1 *Yeates* 139; *Addison* 181; 3 *Stark. Ev.* 1007; 2 *Dall.* 173; 1 *Binn.* 616; 4 *Dall.* 132; 6 *Mass.* 430; 8 *D. & E.* 379; and contended that, as by the law of this state the plaintiff was entitled to pay for his labor, deducting the damage, he had a lien on the part he did haul, the same as if he had hauled the whole.   As there was no evidence that there was any damage, he was entitled to pay *pro rata.*

    *Burleigh,* for the defendants.

    PARKER, J.   The evidence of what was said by Shapley, at the time of making the contract, cannot be received.   It is parol evidence to vary the terms of a contract reduced to writing.   11 *Mass. Rep.* 27, *Stackpole* vs. *Arnold;* 2 *N. H. R.* 506, *Wallace* vs. *Rogers.*   If it has any operation, it is to show that the real contract between the parties was, that if there was not snow enough to admit of hauling all the logs the plaintiff should haul but part—so many only as could be hauled while there was snow sufficient for the purpose.   But the written contract was that he should haul all the logs by or before April.   By that he took the risk of snow.

    This evidence being rejected, it appears the plaintiff did not perform his contract.

    Had he performed it he might, perhaps, have had a lien upon the logs for the price of his labor; but this is not clear upon the facts found in the case.   Common carriers have a lien for the price of transportation of goods.   So owners and masters of vessels have a lien for freight upon goods transported.   And in general, bailees for hire have a lien for the price of work done, and the expense incurred, on the goods bailed to them.   *Metcalf's Yelverton* 67, *e, f.*   But every person employed in transporting personal property of another from place to place, is not a bailee.   It is not necessary, however, to settle whether the plaintiff could be so regarded.   The plaintiff having failed to perform his contract, no lien can arise.

According to decisions in some other states, he would not be entitled to compensation, and of course could have no lien. And here, although he may recover, under the decision in *Britton* vs. *Turner*, 6 *N. H. R.* 481, the value of the benefit his employer has received ; the other party is entitled, if he elects, to have the damages he has sustained, by reason of the non-performance of the residue, deducted ; and those damages being of uncertain amount, it is not only uncertain what the plaintiff is actually entitled to receive, but whether he will, in fact, on the adjustment be entitled to receive any thing. Under such circumstances he cannot be permitted to hold the goods, by virtue of a lien, until this is settled.

A lien for the price of labor and services performed, about goods bailed, is in the nature of an implied contract that the party who has performed the labor shall hold the goods until he receives the pay for doing what he had undertaken to perform about them, at the request of the owner. *Metcalf's Yelv.* 67, *e.* But if he has not fully performed what he undertook to do, such a contract cannot fairly be inferred. And, besides, to allow him to hold the goods might in effect in many cases deprive the other party of the right to have the damages for the non-performance of the contract deducted. He might be compelled to pay the amount demanded in order to gain possession of his goods.

We are, therefore, of opinion that a lien cannot be held to attach where the duty has not been fully performed.

*Judgment for the defendants.*